PROB 12B
(7/93)

Report Date: October 2, 2006

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 03 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Ramiro Crowder Garcia          Case Number: 2:04CR02117-001

Name of Sentencing Judicial Officer: The Honorable Judge Edward F. Shea

Date of Original Sentence: 8/23/2001             Type of Supervision: Supervised Release

Original Offense: Transport an Undocumented Alien Within the United States by Means of a Motor Vehicle, 8 U.S.C. § 1324, and 8 U.S.C. § 2

Date Supervision Commenced: 12/3/2004

Original Sentence: Prison - 24 Months; TSR - 36 Months
Revocation Sentence: Prison - 4 Months; TSR - 24 Months

Date Supervision Expires: 12/2/2006

---

## PETITIONING THE COURT

To extend the term of supervision for 8 months, and to modify the conditions of supervision as follows:

20. You shall participate in the home confinement program as directed by your supervising probation officer. You shall abide by all the requirements of the program, which **(X) will ( ) will not** include electronic monitoring or other location verification system. You shall pay all or part of the costs of the program based upon your ability to pay.

## CAUSE

On April 9, 2006, Ramiro Crowder Garcia was cited for two counts of fourth degree assault (Toppenish Police Department case number 06-2423). According to an incident report from the Toppenish Police Department, on April 9, 2006, officers were detailed to a local Safeway store in reference to two shoplifters. As the officers arrived at the scene, one of the shoplifters, who was identified as the defendant, was being held on the floor by security officers. Mr. Garcia was actively resisting the security officers and was trying to stand up. The security officers related the defendant actively fought them both before being placed into handcuffs. They also related Mr. Garcia fought with them while being held in the security room. One of the officers indicated he was struck several times by the defendant and sustained several scratches on his right arm. The defendant denies the allegations and intends to contest the charges. He is currently scheduled to appear in Toppenish Municipal Court for a pretrial review hearing on November 29, 2006.

On September 8, 2006, this officer was contacted by a detective from the Eagle Pass Police Department in Eagle Pass, Texas. The detective related the defendant's ex-wife filed a police report on September 5, 2006, which alleged the defendant sexually assaulted her (Eagle Pass Police Department case number F0628425). According to the incident report, the defendant's ex-wife related that on or about August 14, 2006, the defendant forced himself on her, and sexually assaulted her when she refused to have sexual intercourse with him. A warrant was issued for the defendant's arrest on September 8, 2006.

On September 12, 2006, this officer spoke with the defendant regarding the alleged sexual assault charge. The defendant denied the allegation and indicated he would contest the charge. The defendant was then advised to address the pending warrant as soon as possible. He was further instructed that he was not to travel to Texas without first contacting this officer and providing travel information.

On September 18, 2006, the defendant was directed to report for an office visit on September 19, 2006, for the purpose of obtaining a urine sample. The defendant indicated he would report as directed. Later that evening, the defendant left a message on this officer's voice mail stating he was departing to Texas that evening and would contact this officer on this officer's cell phone. The defendant failed to report as directed on September 19, 2006, and he failed to contact this officer.

On September 20, 2006, the defendant's ex-wife filed a second police report alleging the defendant harassed her by phone (Eagle Pass Police Department case number M0629930).

On September 22, 2006, this officer was advised by Eagle Pass Police Department personnel that the defendant had been in contact with a local attorney with regard to the sexual assault charge. Contact with defense counsel, Rufino Ceballo, revealed the defendant contacted him with regard to the pending matter on September 18, 2006, and asked for his assistance in scheduling a court hearing to clear the warrant. Mr. Ceballo indicated he scheduled a court hearing on September 20, 2006, at Mr. Garcia's request but he failed to show. Contact was then made with the defendant's father and girlfriend. They both related they had not seen the defendant since he departed to Texas on September 18, 2006.

On September 25, 2006, the defendant called and reported he was in Roswell, New Mexico. He related he was taking his time to get to Texas and needed a couple of days to himself to think about his current legal troubles. He further mentioned he believed he needed mental health counseling as he had recently thought about suicide due to the false accusations made by his ex-wife. When asked why he had failed to contact this officer, he indicated he no longer had a cell phone and did not think about calling collect. The defendant was then instructed to continue to travel to Texas and turn himself in on the warrant. That same evening, the defendant turned himself into local authorities in Eagle Pass, Texas. On September 27, 2006, the defendant posted a $30,000 bond and was released from custody. The defendant's next court hearing is unknown at this time.

As a corrective measure to the above alleged violations, and in order that this officer may monitor the pending charges, the defendant has agreed to the following: extend his term of supervised release for 8 months (which is the maximum time allowed by statute); complete a mental health evaluation; follow through with any recommended treatment; and participate in the home confinement program with electronic monitoring. Enclosed is a waiver signed by the defendant agreeing to the above modifications of his conditions of supervised release.

Respectfully submitted,

by *[signature]*

Jose Vargas
U.S. Probation Officer
Date: October 2, 2006

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

*[signature]*

Signature of Judicial Officer

10/3/06

Date

PROB 49
(3/89)

# United States District Court

## Eastern District of Washington

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To extend the term of supervision for 8 months and to modify the conditions of supervision as follows:

20. You shall participate in the home confinement program as directed by your supervising probation officer. You shall abide by all the requirements of the program, which **(X) will ( ) will not** include electronic monitoring or other location verification system. You shall pay all or part of the costs of the program based upon your ability to pay.

Witness: ______________________
Jose Vargas
U.S. Probation Officer

Signed: ______________________
Ramiro Crowder Garcia
Probationer or Supervised Releasee

October 2, 2006
Date